**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1247-17T4

KATIE WINSTEAD,

     Plaintiff,

v.

YORKSHIRE VILLAGE, YORKSHIRE
SENIOR CITIZENS PLAZA, LLC,
MIDDLESEX MANAGEMENT,
and HARBORTOWN PORT, LLC,

     Defendants-Respondents,
_____
GLORIA BELLAMY, Administrator
Ad Prosequendum for the ESTATE
OF KATIE WINSTEAD,

     Plaintiff-Appellant,

v.

LAWRENCEVILLE NURSING &
REHAB CENTER, a/k/a MILLER
HEALTHCARE, LLC and MERWICK
CARE AND REHAB CENTER,
a/k/a MERWICK CARE &
REHABILITATION CENTER, LLC,

     Defendants-Respondents.
_____

Argued telephonically November 27, 2018 –
Decided June 5, 2019

Before Judges Nugent and Reisner.

On appeal from Superior Court of New Jersey, Law Division, Middlesex County, Docket Nos. L-2777-14 and L-3821-15.

John Francis Hanahan argued the cause for appellant (Rosenbaum & Associates, attorneys for appellant; John Francis Hanahan, on the brief).

Seth Alan Abrams argued the cause for respondents (Donnelly Minter & Kelly LLC, attorneys for respondent; Patrick B. Minter, of counsel; Seth Alan Abrams and Laura Elizabeth Dallago, on the brief).

PER CURIAM

Katie Winstead died after she filed suit in this personal injury action. Her daughter, Gloria Bellamy, administratrix ad prosequendum of the estate, appeals from the order granting summary judgment to defendants, Yorkshire Village, Yorkshire Senior Citizens Plaza, LLC, Middlesex Management, and Harbortown Port, LLC (collectively the "Yorkshire Defendants).[1] Our review of the record leads us to conclude that a genuinely disputed issue of material

---

[1] According to the Yorkshire Defendants' interrogatory answers, the Yorkshire Defendants are all limited liability companies. We use the names the parties used in the pleadings and in the trial court. Plaintiff's claims against the other defendants in the consolidated action were dismissed by way of a stipulation or settlement.

A-1247-17T4

fact should have precluded summary judgment. Hence we reverse and remand for trial.

Plaintiff's decedent was injured when she fell as she walked through the exterior entry doors of the Yorkshire Village apartments, where plaintiff lived.[2] The entry door involved in the accident was one of a pair; it was on the left as one entered, and swung open to the exterior and to the right as one stood inside. The door was automatic and it had been malfunctioning.

Decedent walked with the assistance of a walker. Plaintiff witnessed the accident. Her account is the one we accept under our standard of review, which requires us to apply the same standard as the trial judge by construing the summary judgment record in the light most favorable to plaintiff as the non-moving party. Petro-Lubricant Testing Labs., Inc. v. Adelman, 233 N.J. 236, 256 (2018); R. 4:46-2(c). Plaintiff explained that her mother lost her balance and fell as "she was reaching for the door." She said:

> All I recall is she tried to grab the door because the door was sweeping back and forth. She thought it was going to hit her, so she was trying to grab it to prevent it from hitting her.

---

[2] The trial court's summary judgment decision did not address which defendants owned and controlled the operation of the apartment complex.

A-1247-17T4

When pressed, plaintiff admitted she was assuming decedent thought the door was going to hit her. She repeated, however, that decedent "grabbed at the door" when she lost her balance and fell.

There was no dispute about the door malfunctioning. When deposed, plaintiff testified the door had malfunctioned periodically since she had moved into the apartment years before. She had notified management. The door would get stuck in the open position, but oscillate, or as plaintiff described it, sweep back and forth. Another resident attested to the malfunction. Plaintiff's expert wrote in his report that the failure to perform daily and yearly safety inspections, which would have disclosed the "loose arm" causing the malfunction, proximately caused the accident.

The trial judge appears to have determined the door's malfunction was not a proximate cause of the accident because decedent, using her walker, could have gone through the door without touching it and therefore did not have a reasonable fear of being struck by it. But a trial court's determination that a party is entitled to summary judgment as a matter of law is not entitled to any "special deference" and is subject to de novo review. Cypress Point Condo. Ass'n v. Adria Towers, LLC, 226 N.J. 403, 415 (2016) (citation omitted).

Indisputably, "[a] landlord has a duty to exercise reasonable care to guard against foreseeable dangers arising from use of those portions of the rental

property over which the landlord retains control. That duty requires the landlord to maintain that property in a reasonably safe condition." Scully v. Fitzgerald, 179 N.J. 114, 121-22 (2004) (citations omitted). "A landlord's duty of care to protect a tenant extends to people who are in the premises with the tenant's consent." J.H. v. R&M Tagliareni, LLC, 454 N.J. Super. 174, 182 (App. Div. 2018).

Considering the motion record here, a reasonable jury could determine defendants breached their duty of care to plaintiff's decedent by failing to inspect and repair the malfunctioning door. There is no dispute decedent was injured and sustained damages. That leaves the issue of proximate cause. "Ordinarily, issues of proximate cause are considered to be jury questions." Broach-Butts v. Therapeutic Alts., Inc., 456 N.J. Super. 25, 39 (App. Div. 2018) (quoting Perez v. Wyeth Labs. Inc., 161 N.J. 1, 27 (1999)). In other words, "[w]hile the existence of a duty is a question of law to be determined by the court, whether the landlord breached that duty and created an unreasonable and foreseeable risk of harm to the plaintiff is a question for a jury." J.H., 454 N.J. Super. at 182.

Contrary to the trial court's opinion, a jury need not find decedent was in fear of the door striking her to find proximate causation. The jury could determine that decedent lost her balance as she instinctively reached toward the door as it oscillated toward her. We also reject defendants' argument that

plaintiff was unable to say whether the door had any impact on decedent falling over. Based on the timing and sequence of events, a jury could reasonably infer that the elderly decedent, who required the assistance of a walker, lost her balance when she instinctively and protectively extended her arm as a malfunctioning automatic door swung toward her, even if ever so slightly.

Reversed and remanded for trial. We do not retain jurisdiction.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION